No. 594
TAULKER v. YOUNG et
Ohio Appeals, 6th Dist., Wood Co.
No. 352. Decided June 8, 1925

480. EVIDENCE—Hearing of further, after case is decided, entirely within discretion of the court.

297. CONTRACTS—Payment of money and giving employment sufficient consideration for.

WILLIAMS, J.

Otto Taulker brought an action in the Wood Common Pleas against Clarke Young and others for specific performance of a contract for the sale to him of a half interest in the leases and equipment in two theatres owned by Young; and in an automobile and in certain real estate.

Young and others in their answer averred that the contract had been cancelled in consideration of a specified sum of money, and an agreement to give Taulker employment and salary of $40 per week so long as the arrangements were satisfactory to him (Young). The trial court found that the original contract had been cancelled and judgment was rendered in favor of Young.

Error was prosecuted by Taulker who claimed that the lower court erred first, because the finding was against the weight of the evidence; second, that the court erred in refusing to hear further evidence; third, that the alleged contract of cancellation was invalid for want of consideration. The Court of Appeals held:

1. There being a square conflict of evidence upon the question of cancellation, the finding was not so manifestly against the weight of the evidence that the verdict should be reversed on that ground.

2. Taulker could not insist, as a matter of right, upon presenting further evidence after the case had been decided, because the matter was wholly within the discretion of the trial court, and the record does not show that the trial court abused its discretion in that respect.

3. The payment of the money and the agree-

## STATE COURT OF APPEALS—Continued

ment for employment were of themselves a sufficient consideration. Judgment affirmed.

Attorneys—Riegle & Cheney for Taulker; S. W. Bowman and E. K. Solether for Young et; all of Bowling Green.